UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:12 ct 03080 FL

| | | |
|---|---|---|
| JAMARA WASHINGTON, | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION TO DISMISS IN LIEU** |
| | ) | **OF ANSWER** |
| DAVID DANIELS, | ) | |
| Defendant. | ) | |

NOW COMES Defendant David Daniels (hereinafter "Sergeant Daniels"), by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby respectfully submits this memorandum in support of his Motion to Dismiss, filed contemporaneously herewith, in lieu of an answer.

## STATEMENT OF THE CASE

This case was initiated by the filing of a pro se Complaint on or about April 6, 2012 [DE 1]. Following an Order to Particularize his Complaint [DE 7], Plaintiff filed an Amended Complaint on November 15, 2012 [DE 8]. Plaintiff thereafter filed a Motion for Appointment of Counsel on December 10, 2012 [DE 9]. This Court denied Plaintiff's request and conducted its frivolity review on April 3, 2013 [DE 10], and thereafter entered an Order of Investigation [DE 11]. The Response to the Order of Investigation was filed by North Carolina Prisoner Legal Services on July 1, 2013 [DE 19]. On July 11, 2013, Plaintiff filed a motion seeking to amend his Complaint [DE 20] and an Order was entered granting Plaintiff's motion and directing Plaintiff to file an Amended Complaint no later than August 19, 2013 [DE 22]. Three days after the deadline, Plaintiff filed a second Amended Complaint on August 22, 2013 [DE 23] alleging claims under 42 U.S.C. §1983 for false arrest and malicious prosecution. Sergeant Daniels has filed a Motion to Dismiss in lieu of an Answer [DE 25] simultaneously herewith, and this memorandum is submitted in support of that

Motion.

## STATEMENT OF THE FACTS

This action arises out of Plaintiff's arrest on November 14, 2009, following Plaintiff's sale of cocaine to a confidential informant on two occasions. Plaintiff referred to and attached a variety of documents to his Complaint, including, for example, reports prepared by Sergeant Daniels and other officers of the New Bern Police Department, that detailed the circumstances leading up to his arrest. Thus, in the factual summary that follows, included are facts that are drawn from the documents that Plaintiff has attached to and referenced in his Complaint. As set forth more fully below, in considering a motion to dismiss, a court may examine not only the complaint, but also any exhibits attached to the complaint, matters of public record, and judicially noted facts. *See* Fed. R. Civ. P. 10(c) & 12. Thus, it is appropriate for this Court to consider these documents in that Plaintiff not only cited them in the body of his Complaint, but also has, to some degree, relied on their contents as support for his claims.[1]

The facts in Plaintiff's pleadings establish that, on November 9, 2009, a confidential informant identified as "CI 1501" arranged to purchase cocaine from Angelo Whitehurst under the direction and supervision of the New Bern Police Department [DE 8-1, p 10-12]. The informant and Whitehurst reportedly traveled together to meet Plaintiff, unidentified at that time, who sold the cocaine to the informant [DE 8-1, p 11]. Whitehurst acted as a middleman during the transaction, indicating he was willing to cut Plaintiff out of the loop in the future for a cheaper price [DE 8-1, p 11]. Following the transaction, Plaintiff was identified in the video surveillance that captured the transaction by his probation officer who had been monitoring Plaintiff on post-release supervision

---

[1] On September 11, 2013, Plaintiff filed with the Court three compact disks purporting to be Exhibit J-K of his Complaint, which include 2 surveillance videos and the transcript of the criminal trial arising out of Plaintiff's arrest and leading to the underlying malicious prosecution claim. As of the filing of this Memorandum, the undersigned has

2

for unrelated offenses [DE 8-1, pp 23-24].

On November 14, 2009, the confidential informant was tasked by the New Bern Police Department with a second purchase of cocaine from Plaintiff via Whitehurst [DE 8-1, p 16]. To effectuate the purchase, the informant contacted Whitehurst, who in turn set up a meeting between Plaintiff and the informant. Whitehurst then advised the informant to pick him up and transport both of the men to a residence in Kensington Park. During this time, the informant was monitored in part visually and otherwise via audio contact by officers of the New Bern Police Department. Officer S.C. Brown noted in the case detail [DE 8-1, p 16] that he listened as the transaction between Plaintiff and the informant occurred. Following the transaction, the informant was detained in a preplanned traffic stop and presented to officers cocaine weighing 14 grams that was purchased from Plaintiff.

Following the second sale of cocaine to the confidential informant, Plaintiff was arrested and transported to the Magistrate's Office. The Magistrate determined that Plaintiff was arrested without a warrant and that continued detention was justified as probable cause existed to believe Plaintiff committed two counts of possession with the intent to sell and deliver cocaine, two counts of conspiracy to commit the felony of selling cocaine, and two counts of the sale of cocaine [DE 8-1 pp 3,5]. Thereafter, on February 15, 2010, Plaintiff was indicted by a grand jury with two counts of possession with the intent to sell and deliver cocaine and two counts of conspiracy to commit the felony of selling cocaine [DE 8-1 pp 2,4]. The counts relating to the events occurring on November 9, 2009, were ultimately dismissed [DE 8-1, p 1] and Plaintiff was found not guilty of the criminal charges arising out of the November 14, 2009 events [DE 8-1, p7].

---

not been served with a copy of same.

3

Case 5:12-ct-03080-FL   Document 27   Filed 09/12/13   Page 3 of 10

**ARGUMENT**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Under Rule 12(b)(6), claims based on dispositive issues of law can be dismissed. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A 12(b)(6) motion can be granted as a matter of law if "it is clear that no relief could be granted under any set of facts that could prove consistent with the allegations." *Id*. In an action brought pursuant to 42 U.S.C. §1983, a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) should be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, when a plaintiff attaches to the complaint an exhibit, and his complaint references and relies upon that document in asserting his claims, the contents of that document become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint. *See, e.g., Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Where the allegations in a complaint conflict with the attached documents, the exhibits prevail. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

**I. Probable cause existed for the Plaintiff's arrest thus defeating Plaintiff's claims for unlawful arrest and malicious prosecution.**

Plaintiff claims that he was unlawfully arrested and the victim of malicious prosecution. To establish an unlawful arrest under the Fourth Amendment, Plaintiff must show that he was arrested

without probable cause. *Dunaway v. New York*, 442 U.S. 200, 213 (1979); *see also Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996); *United States v. Al–Talib*, 55 F.3d 923, 931 (4th Cir. 1995). Unlike in the criminal arena, a plaintiff in a civil action bears the burden of proving the complete absence of probable cause for his arrest. *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997). Ultimately, the question of whether probable cause existed, justifying plaintiff's arrest, is a question of law. *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991). Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest. *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988). For probable cause to exist there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required. *Wong Sun v. United States*, 371 U.S. 471, 479 (1963). Two factors govern the determination of probable cause in any situation: "the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992).

To prove an absence of probable cause, Plaintiff must allege a set of facts which made it unjustifiable for Sergeant Daniels to conclude that Plaintiff sold cocaine to the confidential informant. This he has failed to do. Plaintiff attached to his Complaint a number of exhibits which clearly outline Plaintiff's conduct as known to Sergeant Daniels at the time of his arrest, and the contours of the offense committed. *See, e.g*. "New Bern Police Department, Case Notes, Sergeant Daniels" [DE 8-1, pp10-12]; "New Bern Police Department Detail, Officer S.C. Brown" [DE 8-1, p 16]; Plaintiff's Motion to Join Offenses For Trial [DE 8-1, pp22-26]. According to Sergeant Daniels' case notes, on November 9, 2009, Plaintiff was observed on video selling cocaine to a confidential informant. A second transaction was arranged by Sergeant Daniels and on November

5

14, 2009, Plaintiff was again reported by the confidential informant to have sold him cocaine. Thus, at the time of Plaintiff's arrest, Sergeant Daniels on two occasions had reasonable belief that Plaintiff had committed a crime.

Plaintiff makes a number of allegations in his Complaint regarding purported factual discrepancies presented and evidentiary issues that occurred at the criminal trial on the November 14, 2009 charges. Plaintiff attempts to argue that, based on the testimony provided at the criminal trial, Sergeant Daniels and the confidential informant (and presumably Officer S.C. Brown who provided the case detail summarizing the November 14, 2009 transaction [DE 8-1, p16] attached to and referenced in the Complaint, corroborating that Sergeant Daniels had probable cause to arrest Plaintiff) concocted an elaborate scheme to falsely accuse Plaintiff of selling cocaine, subsequently perjuring themselves at the trial. As an initial matter, Plaintiff's allegations surrounding the testimony and evidence presented at the trial has no bearing on whether Sergeant Daniels believed probable cause existed at the time of Plaintiff's arrest. Furthermore, as set forth above, where the allegations in a complaint conflict with the attached exhibits, the exhibits prevail. *Fayetteville Investors,* 936 F.2d at 1465 (In the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c) . . . the exhibit prevails."); *see also Sprewell v. Golden State Warriors*, 231 F.3d 520, 528 (9th Cir. 2000) (holding that, by attaching arbitration agreement to complaint, the plaintiff "pled himself out of a claim by including unnecessary details contrary to his claims"). Thus, relying on the case details and notes contained in the exhibits to Plaintiff's Complaint which contradict the allegations in Plaintiff's Complaint, probable cause clearly existed for Plaintiff's arrest.

In addition to the foregoing, Plaintiff attached to his Complaint two magistrate's orders and

two grand jury indictments for the November 9 and 14, 2009 offenses [DE 8-1, pp 2-5] which also establish that probable cause existed for Plaintiff's arrest as a matter of law. The Supreme Court and the Fourth Circuit have consistently established that "great deference is to be given a magistrate's assessment of the facts when making a determination of probable cause." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion); *United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992); *Spinelli v. United States*, 393 U.S. 410, 419 (1969); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Under this deferential standard, the inquiry is directed to whether the magistrate had a "substantial basis" for his conclusion that probable cause existed. Based on the case notes and details provided by Sergeant Daniels and Officer S.C. Brown [DE 8-1, pp10-12, 16-17], there was a substantial basis for the magistrate's determination that probable cause for the Plaintiff's arrest and continued detention existed. To wit, Plaintiff was identified on video selling cocaine to a confidential informant on an undercover operation, and was identified five days later selling cocaine to the same confidential informant in a subsequent undercover operation.

Regarding the grand jury indictments, the Supreme Court has held that "an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Gerstein v. Pugh*, 420 U.S. 103 n.19 (1975). However, courts have recognized that the return of a true bill does not foreclose a plaintiff from pursuing a claim under the Fourth Amendment where there is evidence that the grand jury's deliberations were tainted by the actions of the defendant. *See e.g., Shields v. Twiss*, 389 F.3d 142 (5th Cir. 2004), *Cook v. McPherson*, 273 F. Appx. 421 (6th Cir. 2008). Similarly, in *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court recognized that an officer violates the Fourth Amendment when he procures a search warrant through a false affidavit, and a magistrate would not have otherwise

7

found probable cause. *See also, Unus v. Kane*, 565 F.3d 103, 124 (4th Cir. 2009). The problem with the facts as alleged in the present case is that while Plaintiff asserts summarily that he did not in fact sell cocaine to the confidential informant and contends that Sergeant Daniels provided false testimony in his affidavit, this is explicitly contradicted by his exhibits, containing facts which, under Fourth Circuit precedence, must prevail. *See*, *Fayetteville Investors*, *supra*.

To that end, while Plaintiff alleges that he was in fact not the person identified on the confidential informant's video showing the sale of cocaine, Plaintiff's exhibits show that Sergeant Daniels reasonably believed Plaintiff to be the perpetrator of the sale of cocaine on both occasions to the confidential informant. Plaintiff's identity as the person selling cocaine to the informant on November 9, 2009, was confirmed by his probation officer using video surveillance of that transaction. Plaintiff's identity was again confirmed by the confidential informant on November 14, 2009, five days later, when he again sold cocaine to the informant. The determination of probable cause lies not on what Plaintiff contends he was or was not doing, and not whether Plaintiff actually perpetrated a crime. Probable cause does not mean actual and positive cause, nor does it import absolute certainty. The determination of the existence of probable cause is not concerned with the question of whether the offense charged has been committed in fact, or whether the accused is guilty or innocent, but only with whether the affiant has reasonable grounds for his belief. *See, e.g., Sennett v. United States*, 667 F.3d 531 (4th Cir. 2012). Thus, the analysis of whether probable cause existed depends solely on the mindset of the officers making the arrest. Plaintiff's exhibits to the Complaint set forth quite sufficiently that Sergeant Daniels reasonably believed that Plaintiff committed a crime at the time of the arrest. Plaintiff alleges no facts to indicate that Sergeant Daniels was unreasonable in determining that probable cause existed.

Thus, as probable cause existed for Plaintiff's arrest, Plaintiff's claims for false arrest should be dismissed. Likewise, as probable cause is also a complete defense to malicious prosecution, these claims should also be dismissed. *See, e.g.*, *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. N.C. 2000)

## CONCLUSION

For the above reasons, Sergeant Daniels respectfully requests that his Motion to Dismiss be granted.

Respectfully submitted this 12th day of September, 2013.

> By: /s/ Anakah D. Harrison
> State Bar No. 35326
> /s/Scott C. Hart
> State Bar No. 19060
> Attorneys for Defendant
> Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
> Post Office Drawer 889
> New Bern, North Carolina 28563
> Telephone: (252) 633-3131
> E-mail: shart@nclawyers.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER** was electronically filed with the Clerk of Court using the CM/ECF System and that I have mailed the foregoing document by First-Class Mail, postage prepaid, to all case participants, at the following address(es):

>Jamara Washington
>#0425802
>Bertie Correctional Institution
>Post Office Box 129
>Windsor, NC  27983

This the 12th day of September, 2013.

>By:  /s/Anakah D. Harrison
>State Bar No. 35329
>/s/Scott C. Hart
>State Bar No. 19060
>Attorneys for Defendant
>Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
>Post Office Drawer 889
>New Bern, North Carolina  28563
>Telephone: (252) 633-3131
>Fax:  (252) 633-3507
>E-mail:  shart@nclawyers.com

17\00045312.000.DOCX